STATE v. HOWARD IRVING COONES, Appellant.—No. 40823.—212 S. W. (2d) 429.

Division One, June 14, 1948.

*Flay E. Randle* for appellant.

*J. E. Taylor*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

[429] CLARK, J.—Upon the information of the prosecuting attorney, appellant was tried in the circuit court of Greene County for the crime of rape by force. A jury returned a verdict of guilty and assessed the minimum penalty, two years' imprisonment in the penitentiary. He was sentenced accordingly. At the trial and on this appeal he was and is represented by counsel.

■ Appellant contends that the evidence is insufficient to support the verdict in that it fails to show any threats or force used by him. This assignment is wholly without merit. The prosecutrix testified that appellant threatened her with bodily harm and forcibly ravished her against her consent and over her utmost resistance. She is corroborated by other testimony.

■ The only other assignment of error made by appellant relates to an incident which occurred in empaneling the jury.

After challenges had been made by both sides and twelve jurors had been accepted, but before they were sworn to try the case, the record is as follows:

"JUROR COX: I would like to make a request at this time: Since seeing the girl, I know her family, and would like to be excused.

[430] "THE COURT: Well, you answered the questions and you have been left on the panel. There is nothing we can do about it now, Mr. Cox."

Appellant did not attempt to further question the juror, did not request that he be excused from the jury nor in any way indicate dissatisfaction with the court's ruling.

Appellant cites cases holding that in criminal prosecutions the State has the burden of proof, and defendant is entitled to a trial by an unbiased jury. Of course, that is good law, but the record here does not disclose any violation of the requirements announced by those cases. The fact that juror Cox was acquainted with the family of the prosecutrix did not indicate that he was biased either

for or against the defendant. Defendant's counsel had the right to further question the juror, but did not have the right to withhold objection until after verdict.

We have searched the entire record and find no error. The judgment is affirmed. All concur.