**STATE of Missouri, Respondent,**

**v.**

**Larry CASHMAN, Appellant.**

**No. 57179.**

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

**432**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Sandra H. Poehlman, Platte City, for appellant.

WELBORN, Commissioner.

Appeal from 25-year sentence, imposed under Second Offender Act, upon jury verdict finding Larry Cashman guilty of assault with malice.[1] § 559.180, RSMo 1969, V.A.M.S.

On January 3, 1971, appellant Larry Cashman, Donald W. Craig and Linda Romine lived together in a mobile home in Platte County owned by Craig. Craig had gotten up around 9:00 A.M. and the three started drinking. Craig and Linda went to Platte City to look for Craig's wife. When they returned to the trailer, the drinking continued and Craig told Cashman that he was going to have to get a job and pay rent for living in the trailer. At about 4:00 P.M. Craig and Linda went to bed. Craig fell asleep and was awakened

1. Notice of appeal was filed prior to January 1, 1972.

when Cashman entered the bedroom, took him by the shoulder, turned him over and started stabbing him. Cashman said, "I'm going to kill both you sons of bitches." Cashman also stabbed Linda who was in bed with Craig. Craig was stabbed three times in the right part of his chest and once on the left. The weapon used was a knife belonging to Craig which was in the trailer. Craig recovered from his wounds after forty days' hospitalization and Cashman was charged eventually with assault with malice and found guilty by a jury.

On this appeal, the first attack is upon the panel from which the jury was selected. Appellant contends that his right to a trial by a fair and impartial jury was violated because the array from which the jury was chosen was heavily biased against the appellant and because his right to a full panel of qualified jurors before being required to make his challenges was violated. Appellant also attacks the constitutionality of §§ 494.230 and 494.240, RSMo 1969, V.A.M.S., on the grounds that they do not require that prospective jurors in a criminal case be impartial. None of these objections was raised in the trial court, either before the trial began or in the motion for new trial. They may not be raised for the first time in this court. State v. Phillips, Mo.Sup., 460 S.W.2d 567, 568[1]; State v. Meiers, 412 S.W.2d 478, 481[2–5].

Appellant's objections for cause to five prospective jurors were sustained by the trial court. Objections to eleven others were overruled. In his motion for new trial, the appellant objected to the trial court's overruling his objections for cause to six such prospective jurors, two of whom served on the jury. The two who served on the jury were Dwaine Dunham, foreman of the jury, and Calvin Large. Dunham stated on voir dire that he had gone to school with the brother of state's witness Maenhoudt and knew the witness but said that fact would not sway him one way or the other. He also stated that his wife's family were personal friends of the prosecuting attorney's law partner. Dun-

ham also stated that his father lived across the street from the trailer park where the stabbing occurred and that he had been told by his father that the incident had occurred, but was not told any details or who was involved. The ground of objection for cause preserved by the motion for new trial was the fact that Dunham had talked to his father about the case. (The motion also states the factually erroneous ground that Dunham was related to Maenhoudt.) There was no showing whatsoever that Dunham had formed or expressed an opinion, based upon the conversation with his father, as to the guilt of appellant. In fact, Dunham stated that his father told him nothing of the details and nothing about who was involved. The trial court's overruling the challenge for cause was not erroneous. State v. Taylor, 347 Mo. 607, 148 S.W.2d 802, 803[3].

The objection to Large was based upon his statement on voir dire that he knew Linda Romine. By his silence in response to a further inquiry directed to the several panel members acquainted with the witness, Large indicated that he would give no particular weight to her testimony. The mere fact that the juror was acquainted with the witness was not a proper ground of challenge for cause. State v. Coones, 357 Mo. 1124, 212 S.W.2d 429. The same conclusion applies to prospective juror Cox, challenged because he knew witness Maenhoudt.

Of the other prospective jurors to whom challenges for cause were denied, two were challenged on the grounds that they had been victims of burglaries several years previously. Again, upon a general inquiry by counsel directed to those two persons and other members of the panel who had been victims of crimes as to whether such experiences would affect their partiality and cause any prejudice, no affirmative response was received. The trial court's overruling the challenges for cause against the two prospective jurors was not error. State v. Harris, Mo.Sup., 425 S.W.2d 148, 154–155[8], [9].

■ Two challenges for cause were based upon the prospective jurors' relationship to law enforcement officials. One, Elizabeth Fisher, was the wife of a man who had formerly been a member of the Kansas City and Platte City police departments. Gilbert Cox's father had been employed for ten years by the Platte County sheriff's office and was jailer at the Platte County jail for some time. Both responded that such connection would not affect their ability to consider the case impartially. Had the husband and father, respectively, of these persons been the persons challenged, their connection with law enforcement, standing alone, would not have been reason for sustaining a challenge for cause. State v. Hamilton, 340 Mo. 768, 102 S.W.2d 642, 647[17]. The denial of the challenges here was not error.

■ Finally, one prospective juror was challenged for cause for the reason that he was a member of the same church as the law partner of the prosecuting attorney. No further question was directed to the prospective juror about his relation with the prosecutor's partner. The facts elicited provided no basis for a challenge for cause. There was no error on the questions presented to and ruled by the trial court on the qualifications of the jurors.

■ In the closing argument defense counsel attempted to cast doubt upon Craig's and Romine's version of the stabbing. Starting from the fact that the knife belonged to Craig, he suggested the hypothesis that Craig was the aggressor and noted that there was no evidence that there was blood on the bed where state's witnesses testified the stabbing occurred. In his closing argument, the prosecutor stated:

" * * * Mr. Lay has made quite a point out of the bedroom. Maybe I should have brought in the bloody bed sheets.

"MR. LAY: I'm going to object to the Prosecutor testifying as to facts that are not in evidence, and certainly we have no right to cross examine, and no one has any idea whether they exist or not.

"THE COURT: Objection sustained and the jury is directed to disregard the mention of the bed sheets or bloody sheets, to strike it from their mind and not to consider it in any way in arriving at their verdict.

"MR. LAY: And I move for mistrial.

"THE COURT: Denied."

Here, appellant argues that a mistrial should have been ordered because the prosecutor's statement was inflammatory argument referring to items not in evidence.

The trial court was not required to grant a mistrial because of the argument of the prosecuting attorney. The trial court promptly and unequivocally instructed the jury to disregard the argument directed to the bloody sheets. Whether the statement of the prosecutor was so prejudicial as to require a mistrial was a matter within the trial judge's discretion. His determination that such drastic action was not required and that the instruction to the jury to disregard the statement was sufficient in the circumstances is not shown to have amounted to an abuse of discretion. State v. Hands, Mo.Sup., 260 S.W.2d 14, 19[5, 6]; State v. Tate, Mo.Sup., 468 S.W.2d 646, 650–651[6, 7], [8, 9]; State v. Koen, Mo.Sup., 468 S.W.2d 625, 630[7].

State v. Selle, Mo.Sup., 367 S.W.2d 522, relied upon by appellant, is distinguishable. In that case, the prosecutor cross-examined the defendant's character witnesses in a rape case by questions based upon improper assumptions of supposed facts relative to the defendant's involvement in other sex offenses. The trial court's equivocal ruling in sustaining defendant's objection was held not sufficient to eliminate the prejudicial effect of the questioning. Here, only one question was involved and the court acted promptly and unequivocally to eliminate the matter from the jury's consideration.

Objection that the evidence was insufficient to support an instruction on assault with malice is without merit. State v. Lane, 371 S.W.2d 261, 263[2, 3]. There was no evidentiary basis for a self-defense instruction and no error in the court's failure to give such an instruction. The court instructed the jury on the presumption of innocence, the burden of proof and reasonable doubt. The court was not required to give the additional instructions offered by defendant on those subjects. State v. Gridley, Mo.Sup., 353 S.W.2d 705, 706[4]; State v. Ransburg, Mo.Sup., 466 S.W.2d 691, 692[4].

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and FINCH, C. J., concur.

BARDGETT, J., not sitting.