STATE of Missouri, Plaintiff-Respondent,

v.

James Dan McGREW,
Defendant-Appellant.

No. 36559.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 10, 1976.

Motion for Rehearing or Transfer
Denied March 10, 1976.

Application to Transfer Denied
April 14, 1976.

Joseph W. Warzycki, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

The defendant was found guilty by a jury of stealing from a person, § 560.161 RSMo 1969, and was sentenced by the court to five years imprisonment pursuant to the Second Offender Act, § 556.280 RSMo 1969. Defendant appeals.

■ The defendant raises only one issue on appeal. He claims the trial court erred in denying his challenge of venireman Clifford J. Shannon for cause, thereby forcing him to use one of his peremptory challenges to excuse the juror. The rule in Missouri is that a defendant is entitled to a full panel of qualified jurors before he is required to utilize his peremptory challenges, and denial of a defendant's legitimate request for exclusion of a challenged juror is reversible error. *State v. Lovell,* 506 S.W.2d 441[1] (Mo. banc 1974); and *State v. Land,* 478 S.W.2d 290, 292 (Mo.1972).

On voir dire examination of the jury panel, the prosecutor obtained the following testimony from venireman Shannon:

"[Prosecutor] Now, in order to prove the charge which the State has brought, we are going to call some witnesses we are going to put those under oath in this matter and they are going to testify for you. Now, one of the witnesses the State will call, obviously will be the victim in the case, ALPHONSO DUNN. Does anyone know Mr. Alphonso Dunn? Mr. Shannon, in what connection?

"Venireman No. 18 (Clifford J. Shannon) As a personal acquaintance.

"Q. [Prosecutor] Have you known him for the period of time he has been the proprietor of the Wedge Liquor Store?

"A. Oh, yes.

"Q. Did you have occasion during that relationship with him to go to that establishment?

"A. No.

"Q. Mr. Shannon, would you consider Mr. Dunn a friend of yours?

"A. I would consider him that, yes, sir.

"Q. I am going to ask a rather difficult question, but it has to be asked. Since you know Mr. Dunn will testify in this case, do you feel that you would give Mr. Dunn's testimony more weight because he is a friend of yours and you know him?

"A. No. I don't think I would.

"Q. All right. Would you be able to listen to Mr. Dunn's testimony and all the testimony which is presented for consideration and reach a fair verdict based on the testimony?

"A. I am sure I could."

Defendant's challenge to venireman Shannon at this time for cause, based upon Shannon's friendship with the victim, was overruled subject to renewal upon further questioning.

On further examination of venireman Shannon, this time by the defendant's attorney the following testimony was given:

"[Defendant's attorney] By the way, Mr. Shannon, you indicated that you knew Mr. Dunn?

"Venireman No. 18: That's correct.

"Q. Approximately how long have you known him?

"A. About twenty-six years, about.

"Q. And this is a social thing?

"A. Yes.

"Q. Would you call yourself a close friend?

"A. Not a close friend, no.

"Q. Good friend?

"A. Yes.

"Q. Despite the fact that Mr. Dunn is the complaining witness in this case, you would still be able to give the defendant a fair trial?

"A. I am sure I would."

Defendant's renewed challenge to venireman Shannon for cause was overruled by the trial court.

■ The defendant claims venireman Shannon's answer that he was a "good friend" of the victim and had known him for twenty-six years showed grounds from which bias could be presumed. The defendant furthermore claims this was sufficient to sustain his challenge for cause. This is not within the limited statutory grounds requiring exclusion. §§ 546.100–546.150,

RSMo 1969. These statutory reasons for exclusion are not, however, all inclusive. *State v. DeClue,* 400 S.W.2d 50[11] (Mo. 1968). If for any reason, statutory or otherwise, a venireman is not in a position to enter the jury box with an open mind, free from bias, or prejudice, he is not a competent juror. *Barb v. Farmers Insurance Exchange,* 281 S.W.2d 297[1] (Mo.1955).

■ In the area of challenges for cause beyond the statutory exclusions, the trial judge is vested with broad discretion, and his decision should not be disturbed unless there is a clear abuse of discretion. *State v. DeClue,* supra, [12]. Furthermore, all doubt should be resolved in favor of the finding of the trial court. *State v. Wilson,* 436 S.W.2d 633, 637 (Mo.1969). The basis for this is that the trial judge is in a far better position to determine challenges for cause than we are for the reason he has the advantage of observing the demeanor of the venireman. *State v. Harris,* 425 S.W.2d 148, 155[8] (Mo.1968).

■ In the instant case not only did Mr. Shannon say he was a "good friend" of the victim but he also answered affirmatively the question as to whether he would be able to listen to all the testimony and reach a fair verdict based upon that testimony. Although it is up to the trial judge and not the venireman himself to judge his ability to act impartially, *State v. Land,* supra at 292, the testimony of the prospective juror as to his ability to act impartially is primary evidence of this fact. See *State v. Jackson,* 43 N.J. 148, 203 A.2d 1, 11 A.L.R.3d 841 (1964), cert. denied 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572 (1965).

■ In determining whether or not venireman Shannon could act as an impartial juror it is necessary to view all the facts presented and not selectively include or exclude certain facts. In the instant case, the challenge to venireman Shannon revolves around his affirmative answer to the question of whether he was a "good friend" of the victim. The only other evidence was that he had known the victim for twenty-six (26) years, and that this fact would not in his estimation preclude him from being a fair and unbiased juror. It is important to remember the question of qualifications should not be determined by a few catch words drawn from a series of questions but from the whole examination. *State v. Wraggs,* 512 S.W.2d 257, 259 (Mo.App.1974). Therefore we should not be guided solely by venireman Shannon's answer that he was a "good friend" of the victim. The description by the venireman of his relationship with the victim ranged from "a personal acquaintance," "a friend," "not a close friend," to "a good friend." Thus, it is not clear whether the victim was "a good friend" or "not a close friend." In any event, friendship alone is not sufficient to disqualify a venireman. *State v. Holliman,* 529 S.W.2d 932 (Mo.App.1975); *Grimm v. Gargis,* 303 S.W.2d 43, 50 (Mo.1957).

The defendant in his brief suggests that in *State v. Faulkner,* 185 Mo. 673, 84 S.W. 967, 976 (1904), the Supreme Court of Missouri held that bias arising from "friendship or association" with the brother of the defendant was sufficient to disqualify a potential juror. In our reading of this case the Supreme Court's decision rested primarily on the fact the juror stated his friendship would influence him in making his decision, rather than the mere fact of the friendship.

Contrary to the defendant's assertion is *Grimm v. Gargis,* 303 S.W.2d 43 (Mo.1957), where the Supreme Court held it was not error to refuse to exclude for cause a juror who had known the plaintiff for thirty years and had played ball with him as a child. In addition the juror had inadvertently visited and talked with the plaintiff in the hospital the day after the accident. Further similarity between *Grimm* and the instant case is evidenced by the fact the venireman in both cases stated they could serve as fair and impartial jurors. In the final analysis the Supreme Court in *Grimm* bases its affirmance of the trial court's decision on the broad discretion allowed trial

judges in determining the qualifications of veniremen.

The instant case is distinguished from *State v. Holliman,* supra, a recent case decided by this court. In *Holliman* a challenge for cause was denied where the venireman knew the deceased policeman, was acquainted with his father and had a son who was a policeman assigned to the same district as the deceased. In addition the venireman had discussed the matter with his son. In a concurring opinion Judge Simeone stated ". . . Each of these factors standing alone would not be sufficient to sustain a challenge for cause." *Holliman,* supra. It was only when all the factors stated above were accumulated that this court found it was an abuse of discretion not to sustain the challenge for cause.

Likewise each case must be judged on the particular facts in that case. *State v. Land,* supra, at 292. In the instant case there was only the evidence that Mr. Shannon had known the victim for twenty-six (26) years and the ambiguous statement that he considered the victim to be a "good friend." Against this is Mr. Shannon's unequivocal statement he could be a fair and impartial juror, the lack of evidence as to what Mr. Shannon meant by the phrase "good friend", and the better opportunity of the trial court to judge the demeanor and credibility of the venireman. For these reasons, and because of the broad discretion vested in the trial court on these matters we find the trial court did not abuse its discretion in refusing to exclude venireman Shannon for cause.

Judgment affirmed.

WEIER, P. J. and RENDLEN, J., concur.