STATE of Missouri, Plaintiff-Respondent,

v.

Cornelius DODSON, Defendant-Appellant.

No. 37903.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 10, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Application to Transfer Denied
July 11, 1977.

Lee & O'Hanlon, Robert J. O'Hanlon, Lawrence J. Lee, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, David L. Baylard, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant Cornelius Dodson was found guilty of first degree murder and was sentenced to life imprisonment. In this appeal from the judgment of conviction defendant advances four contentions of trial error. To understand these contentions a statement of the facts is required.

On February 7, 1975, Henry Blake was found dead in his car parked at a St. Louis housing project. He had been shot to death. Recovered on the ground nearby were forty-five caliber cartridge cases and a magazine that would fit into a Spitfire forty-five caliber semi-automatic weapon. Another man was also shot in the incident, a Robert Cole.

Later police officers were informed that defendant Cornelius Dodson had shot Henry Blake. On February 13, 1975, upon learning of the defendant's location, about ten police officers went to the defendant's mo-

tel room and arrested him without a warrant. Upon arrest the defendant was given a reading of his *Miranda* rights by Sergeant Charles Porter. When asked if he wanted to tell the police anything at that time, the defendant said he did not. The defendant was then brought to police headquarters and again read his *Miranda* rights by the sergeant. About an hour and twenty minutes after his arrest, the defendant was brought to the interrogation room and again informed of his constitutional rights by Sergeant Porter.

Upon the occasion of this third reading, the sergeant asked the defendant if he understood his rights and if he wanted to make a statement. He replied that he understood them better than the police, that he had one of the best attorneys in town and that while he would not make a written statement, he would tell the police what happened orally because the police wouldn't use that against him. The defendant then related to the police the story that he had been playing in a crap game early in the morning of February 7, 1975, when Henry Blake and Robert Cole robbed him of some money and a diamond ring. The defendant then put out a reward for knowledge of Blake's and Cole's whereabouts. He learned that they were at a service station but refrained from shooting them for fear of hitting the attendant. Later he found out they were parked in a car at a housing project. He fired at them with his Spitfire weapon, killing Blake. The day before he had told another police officer that he owned such a weapon. Cole ran away and the defendant wasn't able to kill him for fear of hurting a woman on the street. The interrogation took one hour according to the police.

The defendant contests his conviction on four major grounds. We reject all of these and affirm the conviction.

The defendant contends first that the trial judge abused his discretion by not excusing for cause venireman William F. Walsh, who then had to be removed by the defendant with a peremptory challenge. The defendant charges that venireman

Walsh could not be a fair and impartial juror by reason of a thirty-year acquaintanceship with one of the police officers scheduled to be a witness to the defendant's oral confession. He argues the judge should not have relied on Mr. Walsh's assertions that the police officer would have no extra degree of credibility in the venireman's eyes.

 It is well-settled that a defendant is entitled to a full panel of qualified jurors before he must make peremptory challenges. *State v. Lovell*, 506 S.W.2d 441, 443[1] (Mo. banc 1974). Failure of a trial judge to excuse for cause a legitimately challenged venireman is reversible error. *See, e. g., State v. Lovell, supra* at 444[4]; *State v. Land*, 478 S.W.2d 290, 292[3] (Mo. 1972). The defendant's challenge to Mr. Walsh was not made on statutory grounds. *See* §§ 546.100–546.150 RSMo 1969. As for nonstatutory challenges, the rule is that the trial judge is vested with broad discretion, that his decision should not be overturned unless there is a clear abuse of discretion, and that any doubts are to be resolved in favor of the trial judge's decision. *State v. McGrew*, 534 S.W.2d 549, 551[3] (Mo.App. 1976). When determining whether to overturn a trial judge's decision, the reviewing court must judge each case on its own facts. *State v. Land, supra* at 292.

 Here venireman Walsh. continued throughout the voir dire examination to insist that he would be a fair and impartial juror and that he would give no additional credence to the police officer's testimony. Although it is up to the trial judge and not the venireman to conclude that he is able to be an impartial juror, the venireman's testimony on his impartiality is evidence of that fact. *State v. McGrew, supra* at 551[4]. Friendship or relationship with a police officer alone is not sufficient to disqualify a venireman. *See, e. g., State v. Eaton*, 504 S.W.2d 12, 17[9] (Mo.1973); *State v. Cashman*, 485 S.W.2d 431, 434[5] (Mo.1972); *State v. Drake*, 518 S.W.2d 335, 337[6] (Mo. App.1975); *State v. Wraggs*, 512 S.W.2d 257, 259[5] (Mo.App.1974). Nor is friendship with a witness alone. *See, e. g., State*

v. Cashman, supra at 433[3]; State v. McGrew, supra at 551–52[6, 7]. Mr. Walsh was not a close friend of the testifying police officer. For the last five years of the thirty-year acquaintanceship, Mr. Walsh had at the most merely said "hello" to the officer once in a while. Mr. Walsh stated he would be impartial and would put the officer to the same standards of credibility as any other witness. Both of these factors lead us to find that there was no abuse of discretion in refusing to excuse venireman Walsh for cause.

█ The second contention of the defendant is that he was entitled to a directed judgment of acquittal at the close of the case because there was no extrinsic evidence to corroborate his confession. An extrajudicial confession alone will not suffice to support a conviction. State v. McQuinn, 361 Mo. 631, 235 S.W.2d 396, 397[2] (1951). A confession must be corroborated but full proof of the corpus delicti, independent of the confession, is not required. State v. McQuinn, supra at 397[3]; State v. Colton, 529 S.W.2d 919, 921[1] (Mo. App.1975). All that is required is evidence of corroborating circumstances tending to prove the corpus delicti and corresponding with circumstances related in the confession. State v. McQuinn, supra at 397[4]; State v. Colton, supra at 921–22[2]. The corpus delicti murder consists of the death of the victim by means of the criminal agency of someone besides the deceased. State v. McQuinn, supra at 396[1].

█ The state introduced into evidence proof of many corroborating circumstances tending to prove the death of Henry Blake by someone other than the deceased. Such circumstances corresponded with the events related in the defendant's confession. Among these were the finding of Blake dead with a bullet hole in his head seated in a car with bullet holes in it. Bullets were found in the car that had been fired. Cartridge cases were found on the ground near the car. A loaded magazine fitting a Spitfire forty-five caliber semi-automatic weapon was also found on the ground. Defend-

ant had told a policeman prior to the killing that he owned such a weapon.. Defendant referred in his confession to the place where Blake was killed, to the time he was killed, and how he was killed, all of which corresponded to the other evidence. We therefore determine that defendant was not entitled to a directed judgment of acquittal for lack of corroborating evidence.

█ The defendant's third point on appeal is that the trial judge erred in refusing to submit to the jury an instruction offered by defendant on the issue of the voluntariness of his confession and in submitting to the jury instead MAI–CR 3.44. The defendant's instruction No. C would have specifically required the jury to consider whether the defendant asked for and was refused his right to an attorney in determining the confession's voluntariness. The MAI–CR 3.44 instruction merely told the jury to consider "all of the circumstances surrounding and attending the making of the statement" in determining its voluntariness.

We conclude that this issue was not properly preserved for review. In his motion for new trial, the defendant stated this contention of error: "The Court erred in refusing to give defendant's instructions B, C, D, E, F, G, and H, for the reason that they submitted the issue of voluntariness of the confession and which issue was supported by substantial evidence in the record."[1] Such a generalized assignment of error is not at all sufficient to meet the requirements of Rule 27.20(a) that a motion for new trial "set forth in detail and with particularity . . . the specific grounds or causes therefor." In order for a motion to satisfy these requirements it must indicate what facts in evidence warrant the refused instruction. State v. Sanders, 541 S.W.2d 530, 532[1] (Mo. banc 1976); State v. Schulten, 529 S.W.2d 432, 434[8] (Mo.App. 1975). There was no attempt here to set forth any facts in evidence to support this charge of error. Therefore this issue was not preserved for appellate review.

1. On appeal, the defendant asks us to review the refusal of instruction C only.

The final contention of the defendant is that the trial judge should have granted the defendant's pre-trial motion to suppress the confession. The defendant claims the confession should have been suppressed on two nonconstitutional grounds and three constitutional grounds. But here again defendant's counsel has not properly preserved this point for review. Rule 78.09 (made applicable to criminal cases by Rule 28.01) requires that counsel timely make known to the trial judge his objections to the judge's actions and his reasons for objecting. This requires that counsel object at trial when the state first seeks to admit into evidence the defendant's confession. It is not enough for appellate review that counsel file a pre-trial motion to suppress in order to preserve his objection to the admission of the confession. *State v. Stevens,* 467 S.W.2d 10, 19–20[7] (Mo.1971), *cert. denied,* 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971); *State v. Jones,* 536 S.W.2d 523, 524[1] (Mo.App.1976); *State v. Hampton,* 509 S.W.2d 139, 142[6] (Mo.App.1974). The reasons for this rule are discussed in *State v. Yowell,* 513 S.W.2d 397, 402–403 (Mo. banc 1974).

We find no "manifest injustice or miscarriage of justice" that would warrant our exercise of the "plain error" rule under Rule 27.20(c).

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.