STATE of Missouri, Respondent,

v.

Robert LAWHORN, Appellant.

No. KCD 29977.

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 27, 1978.

Denise V. Phillips, Asst. Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

A jury in the Boone County Circuit Court found Robert Lawhorn guilty of stealing property with a value of at least $50.00. The court, acting under the second offender law, fixed the punishment at five years' imprisonment. Sentence was pronounced and judgment entered accordingly. Defendant appeals.

On June 29, 1977, Russell Long, a Boone County Deputy Sheriff, was on a stake out overlooking a number of automobiles parked near the entrance to Finger Lakes State Park. He watched appellant Lawhorn and a companion named Edwards get out of an automobile and walk alongside the parked vehicles, peering into them. The men stopped near a Ford station wagon and looked around. Edwards then went across the road and threw a large rock at a window of the Ford, breaking it. Long ran toward the Ford. Edwards and Lawhorn were out of his sight momentarily. When he saw them again, they were running down the road toward where their car was parked. Each was carrying a purse. Long pursued them and called for them to stop.

He fired one warning shot. The men ran to their car and started it toward Long. Long fired two shots at the vehicle and was struck by it in the leg. The car stopped and Long ordered the passengers out. He found two purses on the front seat of the auto. Lawhorn had been seated on the passenger side.

Long found two women in a swimming area who had come to the park in the Ford. They went to the vehicle and described to Long the purses which they had left in the Ford and which were not then in the auto. Long showed them the purses taken from the car in which appellant had been a passenger and the women identified them as their purses which had been left in the Ford. They described the contents of the purses to Long and he returned them to the women.

At Lawhorn's trial on a charge of stealing property with a value of at least $50.00, Linda Wilkinson, the owner of one of the purses, identified the purse and its contents at the time of its taking. She testified that at the time the purse had contained her billfold, her comb, her ring and her contact lenses. She stated that she had paid $285 for the contact lenses less than a year ago, $65 for the ring, a little more than a year previously, and $15 for the purse. Julie Linn, the owner of the other purse, identified it at the trial, and testified that at the time it had been taken, it had contained glasses, a comb and a bankbook. She had paid $58 for the frame and lens of the glasses, $7 for the sunglasses, and $6 for the purse. She acknowledged that she told Officer Long that the value of the purse and its contents was about $15.00.

On this appeal, the first claim of error is based upon the trial court's overruling of appellant's challenge for cause of prospective juror Spry. On voir dire, Ms. Spry, in response to defense counsel's inquiry as to whether any members of the panel had had any "dealings" with Deputy Long, stated: "He grew up in my neighborhood." She stated that Long was not presently a neighbor and she did not think that her "dealings" with Long would influence her in

passing on the credibility of the officer's testimony. That was the extent of the voir dire on the subject. The trial court overruled the challenge for cause of Ms. Spry, based upon her acquaintance with Long, stating that the matter had not been gone into at length and that Ms. Spry had stated she would not be prejudiced.

In this court, appellant argues that, in view of Mrs. Spry's statement that Long had grown up in her neighborhood, a "strong possibility for bias in the mind of the juror existed" and the challenge for cause should have been sustained.

In *State v. Dodson*, 551 S.W.2d 932 (Mo. App.1977), a venireman who had known for 30 years a police officer who was to testify for the state and who asserted that such acquaintanceship would not affect his judging the officer's credibility, was challenged for cause. In upholding the trial court's overruling of the challenge, the court stated (551 S.W.2d 934–935[1, 2] [3–5]):

"[1, 2] It is well-settled that a defendant is entitled to a full panel of qualified jurors before he must make peremptory challenges. *State v. Lovell*, 506 S.W.2d 441, 443[1] (Mo. banc 1974). Failure of a trial judge to excuse for cause a legitimately challenged venireman is reversible error. See, e. g., *State v. Lovell*, supra at 444[4]; *State v. Land*, 478 S.W.2d 290, 292[3] (Mo. 1972). The defendant's challenge to Mr. Walsh was not made on statutory grounds. See §§ 546.100–546.150 RSMo 1969. As for nonstatutory challenges, the rule is that the trial judge is vested with broad discretion, that his decision should not be overturned unless there is a clear abuse of discretion, and that any doubts are to be resolved in favor of the trial judge's decision. *State v. McGrew*, 534 S.W.2d 549, 551[3] (Mo.App. 1976). When determining whether to overturn a trial judge's decision, the reviewing court must judge each case on its own facts. *State v. Land*, supra at 292.

"[3–5] Here venireman Walsh continued throughout the voir dire examination to insist that he would be a fair and impartial juror and that he would give no additional credence to the police officer's testimony.

Although it is up to the trial judge and not the venireman to conclude that he is able to be an impartial juror, the venireman's testimony on his impartiality is evidence of that fact. *State v. McGrew*, supra at 551[4]. Friendship or relationship with a police officer alone is not sufficient to disqualify a venireman. See, e. g., *State v. Eaton*, 504 S.W.2d 12, 17[9] (Mo.1973); *State v. Cashman*, 485 S.W.2d 431, 434[5] (Mo.1972); *State v. Drake*, 518 S.W.2d 335, 337[6] (Mo. App.1975); *State v. Wraggs*, 512 S.W.2d 257, 259[5] (Mo.App.1974). Nor is friendship with a witness alone. See, e. g., *State v. Cashman*, supra at 433[3]; *State v. McGrew*, supra at 551–52[6, 7]. Mr. Walsh was not a close friend of the testifying police officer. For the last five years of the thirty-year acquaintanceship, Mr. Walsh had at the most merely said 'hello' to the officer once in a while. Mr. Walsh stated he would be impartial and would put the officer to the same standards of credibility as any other witness. Both of these factors lead us to find that there was no abuse of discretion in refusing to excuse venireman Walsh for cause."

In this case, the only fact elicited on voir dire was that Long had grown up in Ms. Spry's neighborhood. On the basis of that fact standing alone and in view of the absence of equivocation on the part of the venireperson as to impartiality, the trial court in this case did not abuse its discretion in overruling the challenge of Ms. Spry for cause. *State v. Dodson*, supra.

Appellant's second point is directed at the trial court's overruling of his motion to quash the information on which he was tried on the grounds that it charged two separate offenses in a single count and was therefore duplicitous. The information charged that appellant "acting in concert" stole "personal property owned by Julie Linn and Linda Wilkinson * * * to-wit: purses and contents of the value of over fifty dollars * * *." Appellant contends that the theft of each purse was a separate offense and that he should have been charged separately as to each.

■ Missouri follows what is known as the "Single Larceny Rule." Under that rule the theft of the property of more than one person as a continuous act or transaction constitutes one larceny. *Lorton v. State*, 7 Mo. 55 (1841); *State v. Bockman*, 344 Mo. 80, 124 S.W.2d 1205, 1206[2] (1939); *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61, 64–65[3] (1930). See Annotation: "Single or Separate Larceny Predicated Upon Stealing Property from Different Owners at the Same Time," 37 A.L.R.3d 1407 (1971).

Appellant's brief ignores the Missouri authorities contrary to his position here and argues that the rationale of *State v. Thomas*, 360 S.W.2d 694 (Mo.1962), and *United States v. Schrenzel*, 462 F.2d 765 (8th Cir. 1972), is determinative. In *State v. Thomas*, the court intimated, without deciding, that burglarious entry of two separate buildings constitutes two separate offenses. The court made no reference to cases applying the single larceny rule and there is neither express nor tacit overruling of such cases by Thomas. *United States v. Schrenzel* involved sales of drugs on successive days and is not here persuasive. This court is obliged to follow the latest pronouncement of the Supreme Court of this state which accepts the single larceny rule. See *State v. Moton*, 476 S.W.2d 785, 789–790 (Mo.1972).

■ Appellant next contends that the trial court erred in overruling objections to testimony as to the value of the contents of Julie Linn's purse and to the admission into evidence of the purses and their contents because none of the contents had been disclosed to appellant pursuant to his request for discovery. The transcript on appeal does not contain the request for discovery. Therefore, nothing is properly before this court in this regard, there being no basis for determination here of whether or not the information request under Rule 25.32 applied to the evidence in question. See *State v. Hatten*, 561 S.W.2d 706, 713[9] (Mo.App. 1978).

Finally, appellant contends that his motion for directed verdict of acquittal should have been sustained because there was in-sufficient evidence of the value of the property stolen and of appellant's participation in the alleged crime.

■ Appellant does not contend that there was no evidence of stealing property with a value of less than $50 and the trial court instructed on that offense. If there was evidence to support that instruction, and appellant does not contend otherwise, the trial court could not be convicted of error in overruling the motion for a directed verdict of acquittal. *State v. Vincent*, 321 S.W.2d 439, 441[3] (Mo.1959). The question will, nevertheless, be considered as one of the sufficiency of the evidence to support the verdict rendered.

■ On the issue of value of the property stolen, appellant acknowledges that evidence of the retail price of property is relevant on the issue of market value of the property stolen, the test of value in a stealing case. *State v. Gordon*, 543 S.W.2d 553, 556[5] (Mo.App.1976); *State v. Carter*, 544 S.W.2d 334, 338–339[7] (Mo.App.1976). He argues that the nature of the property here involved, i. e., a ring, contact lenses and eyeglasses, is such that jurors could not likely, on the basis of their experience, be able to relate the price paid for such objects, the only evidence of value in the case, to the market value at the time of the theft. The evidence that the stolen property had a total cost in excess of $400, coupled with testimony as to the length of the use of such property and its being placed before the jury, would authorize the jury to find a market value of the property of at least $50 when it was stolen. *State v. Bresse*, 326 Mo. 885, 33 S.W.2d 919, 921[3] (1930); *State v. Supinski*, 378 S.W.2d 602, 605–606[7] (Mo. App.1964).

■ On the issue of appellant's participation, he relies on the contention that the state's evidence at most showed his presence at the scene of the crime and is insufficient to sustain his conviction, citing *State v. Castaldi*, 386 S.W.2d 392, 394[1–3] (Mo. 1965). Appellant would ignore the testimony of the deputy that each of the persons whom he pursued carried a purse because

the deputy was uncertain as to which man carried which purse. Any such shortcoming in the officer's testimony would go to its weight, a matter for the jury. Clearly there was evidence of activity on the part of appellant related to the theft, going beyond proof of mere presence. The trial court did not err in failing to direct a verdict of acquittal.

Judgment affirmed.

All concur.