**STATE of Missouri, Respondent,**

v.

**Joseph GOODRICH, Appellant.**

**No. 41528.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a judgment imposed after a jury found him guilty of robbery in the first degree. Defendant was charged by information with robbery first degree and armed criminal action. The jury returned a verdict of guilty as to the robbery charge and not guilty as to the armed criminal action charge. Defendant was sentenced to a term of ten years in the Missouri Department of Corrections by the court under the Second Offender Act. We affirm.

The principal witness for the state was the victim who made an identification of the defendant at a lineup and positively identified him at trial. Two police officers testified as to the arrest of defendant some days subsequent to the crime and as to the conduct of the lineup.

On appeal, defendant raises one point. He alleges that the trial court erred in refusing to strike for cause prospective juror Kuntemeier because he indicated on voir dire examination "he believed police officers were more likely to tell the truth than other witnesses."

The defense attorney was asking general questions of the panel of veniremen and asking them to respond by "rows." During the voir dire the following occurred:

Ms. Leisenring (defense attorney): Do they [you] believe that police officers are more likely to tell the truth than other witnesses? Or do any of you think that police officers never make mistakes? I take it by your silence that you do not. And, again, the same two questions are directed to the persons in the front row.

Mr. Kuntemeier: I'll have to say this: I think a police officer doesn't have as much at stake as another witness, so he would be more likely to tell the truth because he has no other interest in it.

.      .      .      .      .

Ms. Leisenring: Well, just to repeat a similar but different question. You believe that police officers are less likely or more likely to tell the truth than other witnesses?

Mr. Kuntemeier: Yes.

Defendant's counsel subsequently moved to strike Kuntemeier. The court then permitted counsel for the state and defendant to extensively question the prospective juror in chambers. The following took place:

Mr. Moss (prosecuting attorney): Would you, merely because a man is a police officer, give him any greater weight, or give his testimony any greater weight, or give him any greater credibility?—that is merely because he is a police officer?

Mr. Kuntemeier: No. I think I can clear it up if you will just let me say something, because I have been thinking about it. I think that what I meant to say is that there are witnesses that tend to be impartial witnesses. You know, maybe a guy saw it happen. I would say his testimony was just as good as a police officer's, as opposed to a witness who had something to lose or gain by lying or telling the truth in the case. For instance, the defendant, himself, possibly, you know. And what I'm trying to say is I think that where the witness is coming from has as much to do with it, is what I'm saying. The fact that he's a police officer doesn't have anything to do with it.

Mr. Moss: The fact that a witness may have some interest in the case is a factor you would consider in evaluating his testimony.

Mr. Kuntemeier: And that's all I mean to say. I believe a police officer is an impartial witness.

.      .      .      .      .

Ms. Leisenring: Do you think a defendant who testifies in his own behalf is less likely to tell the truth?

Mr. Kuntemeier: No.

.      .      .      .      .

Mr. Moss: [W]ould you automatically give his [the defendant's] testimony any greater weight or any less weight, merely because he's the defendant?

Mr. Kuntemeier: No, but I think I need to say that what he says has something to do with it and where he's coming from

has something to do with it. I kind of assume that would be brought out in court anyway. But I think, obviously, if you have a conflict of opinion and you want to be honest about it, you have to consider both what the person says and where he's coming from.

Ms. Leisenring: All right. So you would just evaluate the defendant and his testimony?

Mr. Kuntemeier: As honestly as I could.

The court then denied defendant's request to strike Kuntemeier.

■ The trial judge is vested with wide discretion in determining the qualifications of a prospective juror and the exercise of this discretion will not be disturbed short of a clear abuse. *State v. McGrew*, 534 S.W.2d 549, 551 (Mo.App.1976). All doubt should be resolved in favor of the trial court's ruling because the trial judge is in a far better position than is the appellate court to determine the merits of a challenge for cause. *Id.*

■ The court affirmatively exercised its discretion after the witness was asked clarifying questions. It is apparent from Kuntemeier's clarifying statements that he thought that a witness' interest in the outcome of a case might, rather than would, taint his testimony and that he would evaluate the testimony as fairly as he could. This is entirely consistent with Instruction No. 1 (MAI–CR 2.01) given in this case which states in part:

In determining the believability of a witness and the weight to be given to this testimony you may take into consideration his manner while testifying, his ability and opportunity to observe and remember any matter about which he testifies, *any interest, bias or prejudice he may have*, the reasonableness of his testimony considered in light of all of the evidence in the case, and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness. (Emphasis added).

We find no abuse of discretion and therefore we affirm.

DOWD, P. J., and CRIST, J., concur.