STATE of Missouri, Respondent,

v.

Alvin MITCHELL, Appellant.

No. 45679.

Missouri Court of Appeals,
Eastern District, Division Three.

April 19, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Timothy H. Battern, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a conviction of burglary in the second degree, § 569.170, RSMo. Defendant was found to be a persistent offender. He was sentenced to fifteen years imprisonment. We affirm.

During the voir dire of the jury panel, each juror indicated he or she did not know the defendant. But, on the second day of trial, the court was advised that Juror No. 173 knew something about defendant.

Juror No. 173 was examined by the court and counsel in chambers. He testified when the jury was impaneled he did not realize he knew the defendant because the defendant's parents lived across the street from him. He had not seen defendant in two years. He did not socialize with him. He did not know defendant's name prior to the trial. Juror's wife, however, knew the defendant's sister. His wife and the defendant's sister had a telephone conversation the night before, after which he discovered he knew the defendant. He did not want to serve on the jury. Information received from his wife might affect his evaluation of the evidence and the law. The trial court refused to excuse the juror. Defendant moved for a mistrial which was denied. Juror No. 173 returned to the jury. The jury was instructed and retired to deliberate at 10:55 a.m.

At 11:45 a.m., the court received a note from the jury which stated as follows:

Please be advised; vote so far is 11 guilty and one not guilty. However, the one not guilty vote is based on personal knowledge of the Defendant, not evidence of the trial. The one not guilty vote will not change his vote due to personal involvement with the defendant.

Defendant moved for a mistrial because the jury was hung and further deliberations would be coercive. The motion was denied. At 1:20 p.m., the jury returned from lunch and resumed deliberations. Ten minutes later the court received a second unsolicited message from the jury, which stated:

Please be advised; Juror No. 173 is of the opinion the defendant is guilty by the evidence by the trial; however, the Defendant's sister called his wife, and now due to the personal involvement with the Defendant, Juror No. 173's opinion has been prejudiced due to personal involvement with the Defendant. He can not vote guilty for this reason.

The bottom of the note contained a score stating eleven guilty, one not guilty.

At this point the court indicated its intention to deliver the Hammer Instruction, MAI–CR.2d 1.10. Defendant objected to the giving of the instruction and moved for a mistrial. The court denied the motion for the mistrial and gave the Hammer Instruction. At 2:10 p.m., the jury returned a verdict of guilty.

On the hearing of the motion for new trial, defendant's sister stated on the morning of the second day of trial, she received a telephone call from Juror No. 173's wife, informing her that her husband was a juror on her brother's trial. Juror's wife inquired how he could be released as a juror. The sister then telephoned Juror No. 173 and told him she did not know how he could be released from the case.

Juror No. 173's wife testified she did not know her husband was a juror on the defendant's case, and she never talked with the defendant's sister during the trial.

Juror No. 173 testified defendant's address sounded familiar. He went home that evening and discovered that defendant's ad-

dress was across the street from his home. He further stated neither he nor his wife had any conversation with the defendant's sister during the trial.

Defendant asserts reversible error in the court's failure to declare a mistrial after Juror No. 173 stated the information he had obtained from the defendant's sister before the second day of trial might affect his evaluation of the evidence and the law. However, there was no evidence that Juror No. 173 was in any way prejudiced against the defendant.

The granting of a mistrial or a new trial for juror misconduct is largely a matter within the discretion of the trial court. *State v. Williams,* 577 S.W.2d 59, 62 (Mo.App.1978). The trial court is in a better position to determine whether an alleged incident of jury misconduct prejudiced the defendant. *State v. Carr,* 610 S.W.2d 296, 300 (Mo.App.1980). The mere fact that a juror knows a defendant is not grounds for reversal. *State v. Coones,* 357 Mo. 1124, 212 S.W.2d 429 (Mo.1948). While defendant said he might be prejudiced, the information he received was not of such nature as to be prejudicial to defendant. A hearing was held to determine if there was any such prejudice, and the trial court properly found there was none.

Defendant also asserts error in the giving of the Hammer Instruction, for the reason the jury had advised they were eleven to one for conviction. However, the eleven to one in this case was unsolicited; and was not one vote against guilt, it was a no vote because the juror knew the defendant. Under *State v. Broadux,* 618 S.W.2d 649 (Mo. banc 1981) and *State v. Brockman,* 634 S.W.2d 575 (Mo.App.1982), we find no error in the giving of the Hammer Instruction.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.