**STATE of Missouri, Respondent,**

v.

**Curtis William HAYNES, III, Appellant.**

**No. 53667.**

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

Motion for Rehearing or for Transfer to Court En Banc Denied July 13, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Philip Schaper, Jr., Bowling Green, for appellant.

PRITCHARD, Commissioner.

Appellant was charged with murder in the first degree of one Dickie Miller, but the jury by its verdict found him guilty of manslaughter and assessed punishment at ten years imprisonment in the penitentiary.

Asserting as sole error, appellant says the state infringed his constitutional right not to incriminate himself by the closing argument of the prosecuting attorney:

"Now, a lot has been made here concerning the fact that we haven't established, that the State hasn't proved that this defendant knew that Dickie Miller was in the apartment. That is true, gentlemen. We haven't proved that the defendant knew that Dickie Miller was at 322A Glascock Street on December 6, 1966. We don't know how he knew. We don't know how he knew, *but we know that if anybody in this courtroom knows this defendant does—*". (Italics added.)

The court sustained the objection of appellant's counsel to the argument, and counsel moved that the jury be discharged which was denied by the court. The court, outside the hearing of the jury, then stated that it intended to instruct the jury to disregard the last comment of counsel, and

cautioned state's counsel "not to use any statement which might be interpreted as referring to the failure of the defendant to testify." Appellant's counsel then objected to the court admonishing the jury for the reason that such "would call further attention to this error," to which the court acceded. No further reference to the matter was thereafter made in argument.

Appellant contends further that the above italicized portion of the state's argument was a direct allusion to his failure to testify in violation of Supreme Court Rule 26.08, V.A.M.R. Undoubtedly, standing alone and without any curative action being taken by the court, the reference would amount to a comment upon appellant's failure to testify and would be reversible error. State v. Powell, Mo., 357 S.W.2d 914, 918 [4]; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 886; State v. Lindner, Mo., 282 S.W.2d 547, 550 [2–4]. But here the court *sustained* the objection of appellant's counsel to the argument, and offered to instruct the jury to disregard it (compare State v. Gregg, Mo., 399 S.W.2d 7, 11 [9], where the court held that if any juror construed an argument " 'defendant didn't deny it' " as being a reference to his failure to testify, the court's instruction to disregard the statement was sufficient to cure the error). The sustaining of the objection rendered the matter harmless. The declined offer of the court to instruct the jury to disregard the matter was coupled with a reprimand to counsel to refrain from such argument. The trial court observed the incident and any possible prejudicial effect that it might have had on the jury. He considered the matter as a ground contained in the motion for new trial. Under the circumstances, the trial court's broad discretion in such matters will not be disturbed by this court. State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582; State v. Whipkey, 361 Mo. 1008, 238 S.W.2d 374; State v. Williams, Mo., 419 S.W.2d 49. The one allusion to what appellant knew as to the presence of the victim in the apartment is not so manifestly prejudicial, as appellant suggested in oral argument, as to have re-quired the court to declare a mistrial and discharge the jury.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.