**Curtis William HAYNES, III, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 34835.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 30, 1973.

Harold L. Volkmer, Hannibal, for movant-appellant.

John C. Danforth, Atty. Gen., Allan Seidel, Asst. Atty. Gen., Jefferson City, Ronald R. McKenzie, Pros. Atty., Hannibal, for respondent.

SIMEONE, Judge.

Appeal from an order of the Circuit Court of Pike County overruling defendant's motion under Supreme Court Rule 27.26 [1] made on September 18, 1970, to vacate a judgment and sentence for the offense of manslaughter. Defendant was sentenced to ten years imprisonment after his jury trial in Pike County in December, 1967. The conviction was affirmed on appeal to the Supreme Court. State v. Haynes, Mo., 455 S.W.2d 504. His motion to vacate alleges incompetency of his counsel, Mr. Charles E. Rendlen, and Mr. Philip Schaper, Jr., associate counsel. On March 8, 1971, hearing was held on the motion. Much testimony was taken and the motion was denied on February 22, 1972. Thereafter, appeal was duly perfected in this court.

Appellant urges his motion to vacate should be sustained on the ground that Mr. Schaper was not competent because of his inexperience in the criminal law field, and Mr. Rendlen prejudiced him because he allegedly left the court room when the jury retired to deliberate. The trial judge, who heard all the witnesses and listened to the testimony, found that the evidence did not reveal any factual incompetency nor demonstrate any manner in which Mr. Schaper rendered ineffective assistance. Walster v. State, Mo., 438 S.W.2d 1. The court found Mr. Schaper to be a competent criminal trial lawyer. We agree. The record shows that he has handled a number of criminal trials to a conclusion, has handled 100 to 150 other criminal cases, and was recognized by numerous witnesses as a good or very competent attorney. He read the bar bulletins and researched points of law in cases in which he was engaged. Compare the experience of Mr. Schaper with State v. Worley, Mo., 371 S.W.2d 221; Tucker v. State, Mo., 482 S.W.2d 454; State v. Riley, Mo., 394 S.W.2d 360. The trial court found that any statements

1. All references are to V.A.M.R.

made by Mr. Schaper concerning his inadequacy were but a ". . . modest, if not improper, denial of his abilities and qualifications . . ."

The court further found that Mr. Rendlen, who had spent some 100 hours investigating the cause and was the chief trial attorney, did leave the court house after the jury retired to deliberate and prior to their return of their verdict, but with the permission of the trial judge. The record shows that Mr. Schaper, associate counsel, was present when the jury returned its verdict. In such instance, defendant was not prejudiced. Other claims of incompetency on the part of Mr. Rendlen as to matters of trial or preliminary thereto were found by the trial court not to amount to ineffective assistance.

The burden of proof is upon the appellant to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). The trial judge found there was a lack of evidence, or that the evidence established facts other than those alleged by defendant, which failed to prove the claims made and the relief sought. Our review on appeal is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). We do not find them to be so, nor on this record could we find otherwise. Crosswhite v. State, Mo., 426 S.W.2d 67.

The record does not show that the petitioner was denied a fair trial because of the claims of ineffective counsel. McQueen v. State, Mo., 475 S.W.2d 111. The findings, conclusions and judgment of the trial court, after a vigorous presentation by the petitioner's attorney on the hearing, are not clearly erroneous. Rule 27.26(j). The order of the trial court denying the petitioner's motion to vacate is affirmed. Rule 84.16.

SMITH, P. J., and KELLY, J., concur.