Richard **BOLDEN**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 36043.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 25, 1975.

Legal Aid Society of St. Louis, Huck, Kasten & LaBeaume, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Appellant-movant appeals from denial of his *pro se* Rule 27.26 motion. In the trial court defendant pled guilty and was sentenced to seven years' imprisonment for armed robbery and he pled guilty and was sentenced to two years' imprisonment for felonious escape, the sentences to run *consecutively*.

The only issue raised by movant's motion is that at the time he pled guilty he had the mistaken belief he could have the two sentences run concurrently. On appeal he contends he was entitled to an evidentiary hearing and to have counsel appointed to represent him on his motion. We affirm the trial court's denial of post-conviction relief.

We find no record to support movant's present contention concerning concurrent sentences. In his *pro se* motion he pleaded: "Your Honor, at the time I was in your court, to my knowledge I thought that I could get my sentence to run together; with the filing of a motion 27.26 and it is with this in view that I now make this request."

In the trial court movant withdrew his not guilty pleas and pleaded guilty to both charges. This, after extensive questioning by the trial court showed he was doing so voluntarily with full understanding of the consequences. With regard to consecutive sentences, after the court had sentenced movant to seven years for armed robbery and again questioned him as to the voluntariness and understanding of his guilty plea to the charge of escape, the following occurred:

"THE COURT: All right. Let the record show that I accept your plea of escaping before conviction and I find you guilty as charged and in connection with that plea you will be sentenced to two years in the Missouri Department of Corrections to run consecutive with the charge heretofore imposed in 72–1776.

.    .    .    .    .

THE COURT: Is that the State's recommendation?

MR. CHANCELLOR: That's right. That's what the recommendation is.

THE COURT: Under the circumstances, Mr. Bolden (the defendant), I accept the State's recommendation in this case. I'll give you a chance to withdraw your plea if you want to.

MR. BOLDEN: Well, nine years seems a long time. All right; go ahead and give it to me.

THE COURT: Let the record show that the defendant is sentenced to two years in the Missouri Department of Corrections to run consecutive with the other charge."

The burden of proof is on movant to establish grounds for relief by a preponderance of evidence (*Haynes v. State,* 491 S.W.2d 10 (Mo.App.1973)) and that manifest injustice resulted from acceptance of his plea of guilty (*Beach v. State,* 488 S.W.2d 652 (Mo.1972)).

The record at the guilty plea refutes movant's 27.26 contention he then had a mistaken belief his two sentences could be served concurrently. So, it was unnecessary to grant an evidentiary hearing. An evidentiary hearing is required only when movant has "plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974).

Having reached the conclusion an evidentiary hearing was not required, it follows that movant was not entitled to appointment of counsel to assist him with the motion. *Duisen v. State,* 504 S.W.2d 3 (Mo.1974).

The judgment is affirmed.

KELLY and STEWART, JJ., concur.