**STATE of Missouri, Plaintiff-Respondent,**

v.

**Albert Melvin SMITH,
Defendant-Appellant.**

**No. 38010.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 8, 1977.

Robert C. Babione, Blair K. Drazic, Walter H. Sheata, Mary Louise Moran, St. Louis, for defendant-appellant.

John Ashcroft, Preston Dean, W. Mitchell Elliott, Jefferson City, George A. Peach, St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury convicted defendant of robbery in the first degree, Section 560.120 RSMo 1969. The court sentenced him to ten years imprisonment. Defendant appeals.

The defendant does not challenge the sufficiency of the evidence, and the facts may be briefly stated. Two men robbed a service station after one asked an employee of the station, Searcy Marshall, how much Marshall would charge to let them rob him. The man who spoke wore overalls, a green sweatshirt with short sleeves, and gold-framed eyeglasses and had a tape wrapped around his left wrist. He appeared to carry a sawed-off shotgun under his sweatshirt. The men took $40 in bills, a coin changer, and a radio from the gas station and fled. The police pursued the man in overalls into a vacant house where they found a discarded green sweatshirt and a loaded shotgun. The defendant was later apprehended wearing overalls and a white undershirt. His

left wrist was wrapped in a white band. Mr. Marshall identified defendant as one of the robbers.

The sole point of appeal is that "the repetition by the assistant circuit attorney, in his closing argument, of the fact that defense counsel had asked witness Searcy about only selective portions of his preliminary hearing testimony was plain error because the comment was made after a sustained objection and instruction to disregard a prior similar comment." Appellant's reply brief clarifies his position. There he states that his primary contention is that the prosecutor committed the "plain error," but he argues in the alternative that the trial court erred in failing to grant a mistrial *sua sponte* after the prosecutor's comment.

 Plain error relief under Rule 27.20(c) will not be granted unless the alleged error is "determined to have had a decisive effect on the jury or to have resulted in a manifest injustice or miscarriage of justice." *State v. Collins,* 520 S.W.2d 155, 157[4] (Mo. App.1975).

Because the trial court sustained defendant's objections to the prosecutor's comments and ordered the jury to disregard all such statements by the prosecutor, we believe that the prosecutor's comments did not have a decisively prejudicial effect upon the jury. The trial court views the allegedly improper incident and is in a better position to judge any prejudicial effect on the jury. *State v. Haynes,* 455 S.W.2d 504, 505 (Mo.1970). In the case at bar, the trial court determined that any prejudicial effect could be cured by sustaining defense counsel's objections and instructing the jury to disregard the prosecutor's comments. The trial court was within its discretion in finding that this immediate curative action dispelled any prejudice. *State v. Masoner,* 525 S.W.2d 441, 442 (Mo.App.1975).

In addition, overwhelming evidence of defendant's guilt was adduced at trial, including a positive, in-court identification of defendant by witness Marshall. In the face of such overwhelming evidence of guilt, the plain error rule will not be

invoked. *State v. Hurtt,* 509 S.W.2d 14, 15[3] (Mo.1974); *State v. Hill,* 539 S.W.2d 521, 530[23] (Mo.App.1976). The prosecutor's comments did not constitute plain error.

Finally, we do not believe the trial court erred in not declaring a mistrial *sua sponte.*

Whether closing argument by counsel necessitates declaration of a mistrial is within the trial court's discretion. *State v. Hunter,* 499 S.W.2d 787, 788[3] (Mo.1973). A mistrial is a drastic remedy and should be exercised only in extraordinary circumstances where prejudice can be removed in no other way. If prejudice is removed in another way, a mistrial need not be granted. *State v. Neal,* 526 S.W.2d 898, 903[10–13] (Mo.App.1975). Here any prejudice was cured when the court sustained the defense counsel's objection and ordered the jury to disregard the prosecutor's statements. We find there was no abuse of discretion in failing to *sua sponte* grant a mistrial. "[T]he proper exercise of discretion can never result in plain error within the meaning of Rule 27.20(c)." *State v. Brauch,* 529 S.W.2d 926, 931[9] (Mo. App.1975).

The judgment below is affirmed.

CLEMENS, P. J., and WEIER, J., concur.