**STATE of Missouri, Respondent,**

v.

**Leon RUSS, Appellant.**

**No. 39075.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 26, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

---

1. Points (a), (d) and (e) alleged in defendant's motion are not briefed on appeal, so they will not be considered.

Devereaux & Stokes, Michael D. Stokes, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Gerald M. Sill, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant has appealed his conviction for carrying a concealed weapon. (Section 564.610, RSMo.1969). He does not challenge the sufficiency of the evidence.

■ Defendant first contends the trial court erred in failing to declare a mistrial when the prosecutor remarked at the close of the state's case, "as to the C.C.W. [carrying concealed weapon], the state rests." Defendant contends this statement implied other criminal matters were pending against defendant. His objection to the statement was sustained and at his request the jury was instructed to disregard it and the prosecutor was admonished.[1] The court denied defendant's motion for a mistrial and defendant now contends this was error. We disagree.

In the comparable case of *State v. Harris*, 547 S.W.2d 473[1] (Mo.1977) the court held a more harmful remark[2], which the trial court instructed the jury to disregard, was insufficient to warrant a holding the trial court had abused its discretion in denying a mistrial. So it is here.

■ Defendant also contends the trial court should have granted his challenge for cause of a juror who had served 27 years as a police officer before retirement. A former affiliation with law enforcement, standing alone, is not a ground for challenge for cause. *State v. Wraggs*, 512 S.W.2d 257[2] (Mo.App.1974). Here, on voir dire the juror declared he would give no greater weight to the testimony of police officers and would not be prejudiced against defendant. Nor did the juror know any of the four police officers who were the state's sole witnesses.

---

1. The prosecutor indicated he was merely awaiting proof of defendant's prior conviction before closing his case.

2. There the court clerk referred to the court file as containing "the charge of one prior conviction . . . .."

Defendant further argues that the juror's answers, "I don't think so, no," were equivocal and required further investigation by the trial court. We find no need for more intensive questioning simply to obtain an unqualified "no." We defer to the opportunity of the trial court to evaluate the juror's demeanor and its conclusion the juror conscientiously considered the questions asked of him and could serve as a disinterested juror. We find no abuse of discretion in the trial court's ruling. See also *State v. Lewis,* 526 S.W.2d 49[3] (Mo.App.1975), and *State v. Hamilton,* 340 Mo. 768, 102 S.W.2d 642[17] (1937).

Defendant relies on *State v. Butts,* 349 Mo. 213, 159 S.W.2d 790[3–6] (1942), which we find distinguishable. There, the challenged juror was a member of the Kansas City police force. The court held he should have been excluded because his superior, the chief of police, and several fellow officers would testify. Since the juror challenged here was retired he would not be exposed to the influence of the police department and the rationale of the *Butts* case does not apply.

Judgment affirmed.

SMITH, J., concurs.

McMILLIAN, J., dissents in separate opinion.

McMILLIAN, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court properly denied the defendant's challenge for cause of a juror who had served twenty-seven years as a police officer before retirement. While I agree with the majority that, in Missouri, a former affiliation with law enforcement, standing alone, is not a ground for challenge for cause, [*State v. Cashman,* 485 S.W.2d 431, 434 (Mo.1972); *State v. Hamilton,* 340 Mo. 768, 102 S.W.2d 642, 647 (1937); *State v. Wraggs,* 512 S.W.2d 257, 258 (Mo. App.1974)], I do not believe this case represents merely a "former affiliation with law enforcement." There are two extenuating facts which render this situation more complex.

First, when asked whether he would give greater weight to the testimony of the police officers who would be witnesses, the juror responded, "I don't *think* so, no." [emphasis added]. When asked if he might be biased because he knew the procedures surrounding a charge of carrying a concealed weapon (CCW), the juror responded, "I don't *think* so, no." [emphasis added].

It is settled in Missouri that, once a juror gives equivocal answers to questions regarding possible bias, the trial court has an obligation to inquire further. *State v. Carter,* 544 S.W.2d 334, 337 (Mo.App.1976). This is necessary to preserve the impartiality of jurors as well as the outward appearance of impartiality, which is essential to maintaining the confidence of the community in the jury system. *State v. Holliman,* 529 S.W.2d 932, 942 (Mo.App.1975). Unlike the majority, I believe the answers given by the juror indicated some hesitancy, and, given the small amount of time and trouble it would take to inquire further into the juror's possible bias, I believe the court should have attempted some interrogation.

The second and more serious problem with allowing this juror to remain on the panel originates from the fact he has been a policeman for twenty-seven years. While I do not subscribe to the doctrinaire view that policemen are imbued with a certain philosophy of law enforcement that renders them per se prejudiced as jurors, I believe they develop an expertise while serving as police officers which could render them unacceptable as jurors. For example, in this case the charge is carrying a concealed weapon (CCW), and, as the juror stated, he was familiar with the procedures of how to make an arrest in a CCW *and* what evidence is needed to prevail in court. It is not unlikely that, with the best intentions, the juror here may subconsciously substitute his street-wise knowledge of the CCW charge for the instructions on the law given by the judge. Even more likely is the possibility that, once the jury starts deliberating and questions begin to arise, this juror may be called upon by his fellow jurors to offer practical insight as to what the instructions

given by the judge mean or what really suffices for a CCW charge, etc.

The above is said not to condemn a juror who offers such explanations, for generally it would be done in good faith. However, our jury system does not operate on the theory that the jury includes one expert who interprets the instructions or provides personal views of the legal questions involved. Such a verdict would not be one decided by twelve peers of the defendant but one directly influenced by one "expert" who may or may not accurately interpret relevant law. I see this expertise as the danger in allowing a twenty-seven year police veteran to remain on the jury panel in a criminal case, where he is familiar with the charge in issue. If any reasonable citizen of this state were in Leon Russ's position, he or she would vociferously object to the inclusion of a twenty-seven year police veteran on the jury who, because of his "expertise," was in a position to influence the other jurors. I would hope that, in the future, trial and appellate courts will be more sensitive to this predicament of others, and, at the very least, question the potential juror sufficiently to allay reasonable reservations as to his competency.

It is well established that a defendant in a criminal trial is entitled to a full panel of qualified jurors. *State v. Land*, 478 S.W.2d 290, 292 (Mo.1972). The small trouble it takes a court to assess a juror's competence and dismiss him if necessary highly outweighs the hazard to the defendant if a biased juror remains on the panel, especially if that juror is in a position to influence the other jurors. As the Missouri Supreme Court stated: "[w]ith the world absolutely filled with competent, unbiased, and unprejudiced jurors, error in this behalf is usually gratuitous and unnecessary." *Kendall v. Prudential Life Insurance Co.*, 319 S.W.2d 1, 6 (Mo.App.1958).

For the above reasons, I believe there was enough doubt raised as to this juror's competence to require the trial court to inquire further as to his possible bias. I also believe that the danger of this juror exercising undue influence among the jurors because of his familiarity with law enforcement in general, and, with this charge in particular, warranted sustaining the defendant's challenge for cause.