STATE of Missouri,
Respondent-Plaintiff,

v.

Gale William STOWERS,
Appellant-Defendant.

No. 39720.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Bradford A. Brett, Mexico, for appellant-defendant.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Asst. Atty. Gen., Jefferson City, for respondent-plaintiff.

REINHARD, Presiding Judge.

Defendant appeals from a conviction of Forcible Rape where the jury assessed his punishment at five years imprisonment. The prosecutrix, a nineteen year old, knew the defendant from work and had enlisted his "aid" for the purpose of procuring some false identification. Pursuant to this goal, she assented to a meeting on a gravel road in Audrain County. She testified that he threatened her with a knife and forcibly raped her.

On appeal, defendant perfects two points of error: 1) that the trial court erred in admitting evidence of an improperly conducted polygraph test submitted to by defendant; and, 2) that the trial court abused its discretion in denying defendant's motion

for mistrial after certain inflammatory remarks were made by the prosecuting attorney in her closing argument.

When defendant initially agreed to subject himself to the polygraph test, he entered into a written stipulation with the prosecuting attorney whereby he waived any and all rights to object to the introduction of said evidence. In pertinent part, the stipulation's language was couched as follows:

> [T]he above waiver of all objection includes any and all objections that could possibly be made by the defendant to the introduction of said evidence, including but not limited to relevancy, materiality, competency, *accuracy*, constitutionality, and any and all other objections of any nature whatsoever, it being the intention of the parties hereto that such evidence shall be admitted without objection by the defense in any such trial. (Emphasis added.)

The stipulation further provided that if the defendant passed the polygraph test, the prosecuting attorney would nolle prosequi the charge contained in the information. Both defendant and his attorney were parties to the stipulation, each having signed.

On the morning of the trial the defense counsel moved to suppress the test with his main objection being that one of the questions asked the defendant was factually inaccurate. The stipulation provided that the defense counsel had the privilege to approve all questions asked. Defense counsel contends that he was "not given a copy of the questions asked the defendant other than what the prosecuting attorney drafted." The questions ran in this sequence:

Q. Do you know for sure who raped [the prosecutrix]?

A. No.

Q. About October 18, 1977, did you rape [the prosecutrix]?

A. No.

Q. In any way did you threaten [the prosecutrix] to keep her from reporting the rape?

A. No.

Q. In the [prosecutrix] rape, did you threaten [the prosecutrix] with a knife?

A. No.

Q. Right, now do you know the location of the knife used to threaten [the prosecutrix]?

A. No.

Q. *Did you rape [the prosecutrix] on Route FF?* (Emphasis added.)

A. No.[1]

It is the last question to which defendant objects averring it to be factually inaccurate for, at trial, the testimony of the prosecutrix was to the effect that she had been raped along a gravel road just *off* Route FF. Defendant declares this discrepancy is enough to cast doubt over the reliability of the entire test, and would have us declare it inadmissible on that ground.

■ This complaint is of little note for there is no showing from the record the questions asked were, in fact, other than those approved. In the absence of such a showing, and in the face of the stipulation specifically denying defendant the opportunity to object to the test's accuracy, defendant has no such claim to make. It is well settled that a defendant, informed of his rights and with the advice of counsel, may bargain away such rights. *State v. Fields,* 434 S.W.2d 507[3–5] (Mo.1968); *State v. Ghan,* 558 S.W.2d 304[1–7] (Mo.App.1977); *U. S. v. Oliver,* 525 F.2d 731[1–5] (8th Cir. 1975). Defendant herein knowingly gambled away his rights in the hope he would pass the polygraph test and thereby avoid prosecution. He may not now complain of its admission. *Ghan, supra.*

Furthermore, even were we to ignore the stipulation's proviso, we could not ignore the uncontroverted testimony of the polygraphist who testified that the reference to geographic area in those questions was sufficiently proximate to the crime site not to invalidate the test results, or the answers to those particular questions. It is also signif-

---

1. The polygraph examiner testified that defendant had lied in answering no to the above questions.

icant that prior to the question concerning location, defendant had been called upon to answer the more critical question pertaining to whether, in fact, he had raped the prosecutrix. Given the sequence of the questions, it does not appear that the location question should operate to invalidate the more crucial, and earlier question. Cross-examination afforded defendant sufficient opportunity to challenge the credibility of the test. The test was properly submitted to the jury.

Defendant next alleges error in the trial court's refusal to declare a mistrial after the prosecuting attorney's closing argument. He claims the trial court abused its discretion by this refusal due to the nature of the prosecuting attorney's remarks. Although defendant complains of several remarks made on various occasions, he is most emphatic regarding the propriety of one remark in particular. That remark being, "The Boston Strangler had a wife and family, too!"[2]

The declaration of mistrial has often been perceived as the most drastic of remedies. *State v. Johnson,* 504 S.W.2d 23[7] (Mo.1973); *State v. Hammell,* 561 S.W.2d 357[2–3] (Mo.App.1977); *State v. Petrik,* 550 S.W.2d 613[3] (Mo.App.1977). A mistrial is justified only when it is demonstrated that the prejudice worked upon defendant was so extreme it could be removed by no other means. *Hammell, supra; Petrik, supra.* Such a determination is best left to the sound discretion of the trial court which had the opportunity to observe the incident, and is in a better position to gauge its prejudicial effect on the jury. *Kansas City v. LaRose,* 524 S.W.2d 112[20] (Mo. 1975); *State v. Brown,* 554 S.W.2d 574[9] (Mo.App.1977).

We cannot say the trial court's refusal to grant a mistrial constituted an abuse of discretion in the instant case. The prosecuting attorney made the remarks; defense counsel made the objection; the trial judge sustained the objections and admonished the jury to disregard the improp-

er remarks. We are hesitant to substitute our judgment for that of the trial judge as he was able to view the entire soliloquy in context.

Lastly, we perceive the prosecutor's statements to be retaliatory in nature. Defense counsel, in his closing argument, made the initial reference to defendant's family when he asked the jury, "To find my client, Gale William Stowers, not guilty, so that he can go home with his family—his wife and his children." Thus, it would appear defense counsel invited a retaliatory statement by the prosecution when first he broached the topic. Again, the trial court has considerable discretion in permitting the use of retaliatory arguments and refusing to declare a mistrial based thereon. *State v. Tiedt,* 229 S.W.2d 582[9–12] (Mo. banc 1950); *State v. Lacy,* 548 S.W.2d 251[4–5] (Mo.App.1977). No abuse of discretion having been demonstrated, defendant's second point is also denied.

Affirmed.

CLEMENS and GUNN, JJ., concur.

---

2. As to all other remarks of which defendant complained, the trial court sustained the defendant's objections or prosecutor withdrew her remarks. The defendant requested no other relief.