**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Earl Leon WATSON,
Defendant-Appellant.**

**No. 40223.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Thurman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., David O. Fischer, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction by a jury of the offense of burglary in the second degree. He was sentenced under the Second Offender Act by the court to a term of eight years in the Department of Corrections.

The victim of the burglary was Slaughter's Cleaners, which is located at 4008 Delmar in the City of St. Louis. Slaughter's was equipped with a burglar alarm system installed by the Potter Alarm Systems. At approximately 1:35 a. m. on May 27, 1977, the Potter Company received an alarm from Slaughter's Cleaners. An employee of Potter notified the police. Two police cars were dispatched and the officers testified that when they arrived at the scene, the defendant was inside the cleaners with clothes in his hands. The door window had been broken out, and part of a brick was found inside the building. The defendant did not offer any evidence.

Defendant contends that comments made by the prosecutor during final argument constitute improper reference to his failure to testify. He did not object to the comments but asks that they be considered under the "plain error" rule. Rule 27.20(c).

In *State v. Bufalo*, 562 S.W.2d 114, 117, 118 (Mo.App.1977) Judge McMillian reviewed the law of Missouri as it applies to comments on defendant's failure to testify and stated:

Comment on the failure of a defendant to testify is a violation of the constitutional privilege against self-incrimination. [citations omitted] Missouri cases have required a "direct, unambiguous and unequivocal prosecutorial comment" on the failure of the defendant to testify. [citation omitted] The challenged statement must constitute either a direct reference or "such indirect reference thereto that it was reasonably apt to have directed the jury's attention to the fact he did not testify." [citations omitted] Under the direct reference test, the use of the words "defendant," "accused" and "testify" is crucial. [citations omitted] These words

were not used in the challenged statement.

Under the indirect reference test, the court is required to view the challenged statement in the context in which it appears. [citation omitted] Evaluation of the prejudicial impact of a particular statement, however, is a matter within the discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal. [citations omitted]

The statement of which defendant complains is as follows:

> If someone was going to jump up in this courtroom ala Perry Mason, or ala all the other little television scenarios, we have dealing with courtroom drama, you know where the guy would be and where he is seated. Do you want me to point him out to you? Jump up, Earl. Stand up. Say you did it. Because by gosh, you sure did.

On first examination it appears that the statement was totally objectionable. However, when it is reviewed in context with the rest of the state's argument and in conjunction with defense counsel's argument, its offensiveness is much less clear.

During closing argument defense counsel stated:

> You know, I'm in a peculiar position. This is not Perry Mason or anything like that. And during my closing argument, I can guarantee you no one is going to jump up from the back of the courtroom and say I did it, and this is how I did it. But you have to remember the burden of proof isn't on me and it is not on my client, Earl Watson, to prove exactly what happened. The burden of proof is on the State. The State brought the charge and Earl doesn't have to prove anything.

■ The state contends that its argument was in retaliation to the argument of the defense counsel and was proper. As has been stated in many cases, a prosecutor can go further by way of retaliation in answering arguments of the defendant's counsel, then he would be authorized to do in the first instance. The trial court is vested with considerable discretion in permitting the use of retaliatory arguments and in refusing to declare mistrials based thereon. *State v. Stowers,* 580 S.W.2d 516 (Mo.App.1979); *State v. Lacy,* 548 S.W.2d 251 (Mo.App.1977).

■ We find that the prosecutor's statement was made in retaliation to defendant's argument. We note, however that the statement would have been improper if made by the Prosecuting Attorney during the initial phase of his closing argument. This statement was made in retaliation, yet there are limits to which a prosecutor can go in his retaliatory remarks. Had the defendant properly preserved this point, we would be required to determine whether the trial court abused its discretion in failing to grant a mistrial. Such determination is unnecessary here, because we examine this case in light of the plain error rule.

Rule 27.20(c) provides:

> Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

The facts and circumstances of each case must be reviewed on a case to case basis to determine "plain error." *State v. Sanders,* 541 S.W.2d 530, 533 (Mo. banc 1976).

In *State v. Hurtt,* Mo., 509 S.W.2d 14 at page 15, speaking for the Supreme Court, Judge Morgan said:

> In order to invoke the plain error rule there must be a 'sound, substantial manifestation . . . a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked.' [citation omitted] . . . When guilt is established by such overwhelming evidence no injustice or miscarriage of justice will result from a refusal to invoke the rule.

A similar view was expressed by Judge Dowd for this court in *State v. Smith,* 547 S.W.2d 216 (Mo.App.1977). We now ap-

proach this case in the light of the above principles.

We are aware of *State v. Ellinger,* 549 S.W.2d 136 (Mo.App.1977)[1] wherein the Western District invoked the plain error rule to review a prosecutor's remark on the defendant's failure to testify. The circumstances in *Ellinger* are, however, substantially different than those in the instant case. In *Ellinger* there was both a comment on the defendant's failure to testify and other remarks which the court found inflamed the jury. The jury in *Ellinger* deliberated over five hours to reach its verdict, and the court gave the "hammer" instruction. Further, the court characterized that case as a close one, so that the prosecutor's remarks may have made the difference between a hung jury or an acquittal.

Here, defendant complains of only one reference by the prosecutor, a remark which we find to be in retaliation to defendant's argument and we find no other remarks made in the final argument similar to those relied on by the court in *Ellinger*. The jury deliberated for only a short time, retiring at 10:25 a. m. and returning a verdict at 10:47 a.m. Finally, the evidence of guilt in this case was overwhelming with two police officers finding defendant at 1:30 a. m. in the building with clothes in his hands. We find no "manifest injustice" in the court's failure to grant a mistrial sua sponte.

The defendant further contends that the court erred in refusing to give to the jury Missouri Approved Instruction 3.42 on the law of circumstantial evidence as submitted by the defendant. This point is without merit.[2]

A circumstantial evidence instruction is not required where there is any direct evidence, even if requested. Here, the officers' testimony that they found defendant inside the burglarized premises with proper-ty in his hands was direct evidence. See *State v. Orr,* 493 S.W.2d 374 (Mo.App.1973). If the elements of the offense charged were established as in this case by both direct and circumstantial evidence the giving of a circumstantial evidence instruction is not mandatory. *State v. Newhart,* 539 S.W.2d 486 (Mo.App.1976).

The defendant next contends that the court erred in failing to strike for cause juror Irby. She stated on voir dire that she was the wife of a police officer, that she knew one of the witnesses who was a good friend of her brother, and that she would be prejudiced in certain cases involving her husband.

The court asked "Would you be able to sit on the jury, listen to the evidence, follow the instruction of the court regarding the law even though you might disagree with what the law is, and put aside all of the things that have occurred to you and arrive at a fair verdict? Would you be able to do that ma'am?" Answer: "I think I would, yes."

Friendship or relationship with a police officer is not sufficient to disqualify a venireman. *State v. Dodson,* 551 S.W.2d 932 (Mo.App.1977), cert. denied, 434 U.S. 1071, 98 S.Ct. 1255, 55 L.Ed.2d 774 (1978). In *State v. Russ,* 574 S.W.2d 5 (Mo.App.1978) defendant argued that the juror's answers "I don't think so, no" were unequivocal. The court stated "We find no need for more intensive questioning simply to obtain an unqualified 'no'. We defer to the opportunity of the trial court to evaluate the juror's demeanor and its conclusion the juror conscientiously considered the question asked of [her] and could serve as a disinterested juror." *Id.* at 7. As in *Russ* we find no abuse of discretion in the court's ruling.

Affirmed.

GUNN and CRIST, JJ., concur.

1. See also *State v. Reed,* 583 S.W.2d 531 (E.D. Mo.1979).

2. The notes on MAI–CR 3.42 provide:

"1. This instruction must be given if a circumstantial evidence instruction is appropriate and is requested by defendant in the manner provided by Rule 20.02.

"2. This instruction may be given even if there is some direct evidence of guilt, though it need not be given at all unless the evidence is wholly circumstantial."