**STATE of Missouri, Respondent,**

v.

**Harold MONTGOMERY, Appellant.**

**No. 40913.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1979.

Robert C. Babione, Public Defender, Blair K. Drazic, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Harold Montgomery with theft of two cars. The jury found him guilty on each count and assessed punishment at six years in prison. Defendant appeals from the cumulative sentences, contending only that the trial court erred in refusing each of his two motions for mistrial for prejudicial closing argument about punishment.

Defendant offered no evidence and does not challenge the sufficiency of the state's evidence. It was that each car was stolen from a parking lot, and found with the ignition punched out; hours later defendant was arrested after he "sold" the cars to undercover police conducting a fencing operation.

■ The first incident arose after defense counsel had argued that the jury should not send "this young man up there [to the penitentiary] with some of those animals." The prosecutor responded "Your Honor, he can put on a character witness . . . ." The second incident arose after defense counsel told the jury they could consider their own knowledge about living conditions in prison, and the prosecutor responded that the jury could also consider their own knowledge about "the length of sentences and the giving of parole."

In each case defense counsel's motion for mistrial was denied but the court instructed the jury not to consider the state's challenged remarks about "character witness" and "parole". The court ruled the challenged state's argument was responsive to defendant's.

Both parties rely on *State v. Lewis*, 443 S.W.2d 186[2] (Mo.1969), where conviction was reversed for the state's more aggravated closing argument about parole. There, the state made repeated references to parole and how the system worked. Here, the arguments were arguably retaliatory and far less pointed than in *Lewis* where the court ruled the argument tended to shift the burden of fixing punishment to the state board of probation and parole. Not so here.

See also *State v. McMillian*, 338 S.W.2d 838[7–8], (Mo.1960), where the prosecutor referred to "kindhearted board of probation and parole". The trial court denied a mistrial but ordered the jury to disregard that statement. Affirming, the Supreme Court held the challenged argument was neutralized by the trial court's admonition and did not require a mistrial.

■ It is arguable 'that the state's challenged comments, as the trial court ruled, were retaliatory; if so, they were justified. Compare *State v. Toney*, 537 S.W.2d 586[20] (Mo.App.1976). A mistrial is a drastic remedy, to be granted only when the prejudice is so extreme it cannot otherwise be removed. See *State v. Stowers*, 580 S.W.2d 516[3–5] (Mo.App.1979), where we recognized the trial court's better opportunity to measure a challenged argument and in its sound discretion to take appropriate corrective action. Here, we find no abuse of that discretion.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.