STATE of Missouri, Respondent,

v.

Joseph PETTY, Appellant.

No. 41825.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
Feb. 9, 1981.

Robert C. Babione, Public Defender, John Putzel, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of tampering with a motor vehicle. He was sentenced to four years in the Missouri Division of Corrections. We reverse and remand.

On appeal the single error assigned is the refusal of the trial court to sustain defendant's challenges for cause to two veniremen, both retired police officers.

Our standard of review was enunciated by the Missouri Supreme Court in *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978):

In determining the qualifications of a prospective juror, the trial court has very

wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion.... All doubt should be resolved in favor of the trial court because he is in a far better position to determine a challenge for cause than an appellate court ....

During the voir dire examination of the jury panel, venireman William Reineke stated: He had been a police officer for thirty years during such time he had dealings with the circuit attorney's office as a police officer. He had been retired from the police force for three years, but currently works as a clerk for the police department proof-reading records and police reports. He had been having daily contact with police officers at work. He knew Sergeant Micciche, a police officer endorsed as a state's witness. Reineke stated without any equivocation that he could be a fair and impartial juror and could judge the testimony of Sergeant Micciche and other police officers as he would the testimony of any other witness.

Venireman John Able stated that he had been a police officer for almost thirty years. He had been in the circuit attorney's office many times. He had been retired from the police force for three years. He also knew Sergeant Micciche. Able was currently working as security guard for a bank. Able stated unequivocally that he could be a fair and impartial juror and would judge a police officer's testimony, including that of Sergeant Micciche, as he would that of any other witness. Able and Reineke had known each other for a long time.

■ A former affiliation with law enforcement, standing alone, is not ground for challenge for cause. *State v. Russ*, 574 S.W.2d 5, 6 (Mo.App.1978). This court held that a juror who had served twenty-seven years as a police officer before retirement and declared that he would give no greater weight to the testimony of police officers did not have to be excluded from the jury panel when challenged for cause. Id.

This court has consistently held that current members of a police force, whether active or not, should be stricken for cause from a jury panel in a criminal case. *State v. Golubski*, 45 S.W.2d 873 (Mo.App.1932) (a deputy sheriff was not permitted to qualify as a juror in a criminal case in which the sheriff and other deputies were witnesses). *State v. Langley*, 342 Mo. 447, 116 S.W.2d 38 (1938) (it was held error to permit two deputy sheriffs to serve as jurors even though they were not active deputy sheriffs). *State v. Butts*, 349 Mo. 662, 159 S.W.2d 790 (1942) (it was error for a member of the same police force to serve as a juror where certain police officers, including the Chief of Police, were material witnesses).

In *State v. Holliman*, 529 S.W.2d 932, 939 (Mo.App.1975), this court stated that the decision of the trial judge should be based on the facts recited by the prospective juror and not on conclusions drawn by him as to his ability to act impartially.

■ The ultimate question is what evidence is there to show more than a former affiliation with law enforcement. *State v. Russ, supra.* There were two former retired police officers on the panel. They knew each other. One of them was currently employed by the police department and was having daily contact with police officers at work. The other was employed as a security guard for a bank. Both veniremen knew Sergeant Micciche, a police officer endorsed as state's witness. One had previously worked with Sergeant Micciche.

It is better practice to fill a jury panel with persons who have not spent a lifetime as police officers. It is incompatible with justice that a defendant in a criminal case should be tried by a jury which includes two retired, career police officers still working in some manner with protecting the peace, and acquainted with a police officer endorsed by the state as a witness.

Judgment reversed and remanded for a new trial.

REINHARD and SNYDER, JJ., concur.