STATE of Missouri, Respondent,

v.

David HEAD, Appellant.

No. 43114.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 23, 1982.

Joseph W. Downey, Public Defender, Thomas F. Flynn, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction, by a jury, of rape, felonious restraint, robbery and stealing without consent. §§ 566.030, 565.120, 569.020, and 570.030 RSMo. 1978. He was sentenced to a term of 15 years for rape and 10 years for robbery, to be served concurrently. He was further sentenced to a term of one year for felonious restraint and one year for stealing, but execution of these sentences was suspended.

The state's evidence showed the following:

On the night of June 9, 1979, Mrs. W and Mrs. M drove to a liquor store on Natural Bridge Road in St. Louis to cash Mrs. M's paycheck and purchase some cigarettes. As they were leaving, a man approached the car, pointed a gun at Mrs. W and demanded money. The man then got into the car with the women and started driving. He told the women to remove their rings. After stopping the car along Greer Avenue, the man forced Mrs. W to get in the back seat with him, and remove her panties. He then forced her to sit on his lap, facing him, and forced her to engage in sexual intercourse. She remained in this position facing him for over 30 minutes. When this was over, he told both women to leave. They ran, leaving their rings and purses in the car. The man drove off. The car, which belonged to a friend of the victims, was found on June 14, 1979.

On June 21, 1979, defendant and another man sold Mrs. W's checkbook, social security card, and a check cashing card to an undercover detective in a videotaped sting operation. Defendant very closely matched

the description given by Mrs. W of her assailant. On July 12, 1979, the police showed Mrs. W a number of photographs, including one of defendant. She identified defendant as her assailant. Defendant was then arrested and placed in a lineup which both women viewed. Mrs. W identified defendant. Mrs. M was unable to pick out defendant from the photographs, but she identified him at the lineup. Both women identified defendant at trial. Defendant offered an alibi defense.

■ In defendant's first point, he contends that the identification testimony of the victims was so contradictory and vague that it is insufficient as a matter of law to support the convictions. Defendant cites *State v. Johnson*, 595 S.W.2d 774 (Mo.App. 1980) in which we stated that uncorroborated testimony of a rape victim is sufficient to support conviction unless the testimony is so inherently contradictory, or so conflicts with other circumstances or common experience that the testimony is extremely doubtful and not of probative value.

That proposition is not apposite here because the identification testimony of the rape victim, Mrs. W, was corroborated by the testimony of Mrs. M. We pause only to note further that the testimony of either one alone would have been sufficient in this case. The "inconsistencies" which defendant points out are minor and do not impeach the positive identification provided by each of these excellent witnesses at trial.

■ Defendant next contends the court erred in failing to declare a mistrial when one of the victims referred to the photographs which were shown to her by the police as "mug shots." The statement was made in the context of identification. It was made by a witness, not by the prosecutor, and it was not repeated. The court offered to instruct the jury to disregard it, but defense counsel wisely felt that would only serve to draw attention to the remark.

The decision whether to remedy a wrongful statement by granting a mistrial lies within the discretion of the trial judge, who is in a superior position to gauge any resulting prejudice. *State v. Raspberry*, 452 S.W.2d 169, 173 (Mo.1970); *State v. Morgan*, 593 S.W.2d 256, 260 (Mo.App.1980). As to the term "mug shot," we have previously indicated our disapproval of its use, but at the same time, we have been reluctant to conclude that it necessarily connotes commission of other crimes. *See State v. Burns*, 581 S.W.2d 590, 593 (Mo.App.1979); *State v. Rutledge*, 524 S.W.2d 449, 458 (Mo. App.1975). Hence we do not feel that the refusal to declare a mistrial was an abuse of the trial court's discretion.

■ Defendant's remaining point borders on frivolity. He contends that the court erred, again in failing to declare a mistrial, after a comment made during the state's closing argument, in rebuttal to the defense argument. The prosecutor referred to the defense argument (to the effect that the victims were not telling the truth) as a "character assassination." We see no prejudice to defendant in the remark, and certainly no grounds for reversal in such a retaliatory argument. *See State v. Watson*, 588 S.W.2d 20, 22 (Mo.App.1979).

Judgment affirmed.

SNYDER and CRIST, JJ., concur.