**STATE of Missouri, Respondent,**

v.

**Willie WILLIAMS, Appellant.**

**No. 45106.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of robbery in the first degree, a violation of § 569.020 RSMo. 1978, and was sentenced as a persistent offender to twenty five years with the Department of Corrections. He appeals raising two points of alleged trial court error arising out of comments made during closing argument by the prosecuting attorney. We affirm.

In the early morning hours of May 31, 1981, defendant robbed a service station attendant in the City of St. Louis. He was followed out of the station by a St. Louis police officer who apprehended him a short distance from the station. The proceeds of the robbery, as well as a knife, were found in his possession. He was transported back to the station where three witnesses identified him as the robber.

On appeal, defendant argues the prosecuting attorney's comment that "[t]he defendant had an opportunity to put on any evidence they wished and they did not put on any evidence," was a comment on defendant's failure to testify, prohibited by Article I, § 19 of the Missouri Constitution and § 546.270 RSMo. 1978. It has long been the rule in Missouri that references to the defendant's failure to produce evidence does not constitute an improper comment on the defendant's failure to testify. *State v. Pruitt,* 479 S.W.2d 785 (Mo. banc 1972); *State v. Hutchinson,* 458 S.W.2d 553 (Mo. banc 1970); *State v. Williams,* 597 S.W.2d 722, 724 (Mo. App. 1980). There is no merit to defendant's contention.

■ The other comment which defendant asserts was improper argument came in without objection. If he is to receive relief under this point, we must consider it as plain error. *State v. Burnfin*, 606 S.W.2d 629, 631 (Mo. 1980). In order to invoke the plain error rule, there must be a sound, substantial manifestation that injustice or a miscarriage of justice will result if the rule is not invoked. When guilt is established by overwhelming evidence no injustice or miscarriage of justice will result from a refusal to invoke the rule. *State v. Watson*, 588 S.W.2d 20, 22 (Mo. App. 1979).

In an attempt to explain why there had been no lineup, the prosecuting attorney stated:

> Now a question was asked, [of the witnesses] did you see a lineup with other people. No. And why not? Because the fairest way for an innocent person as well as a guilty person is you bring him back as quick as possible.
>
> If you get them back within five minutes, half an hour while the memory is fresh in their minds and see them face to face, that's the fairest way for everybody. To get a lineup, take him back to the station, protect everybody's rights, fill out the paperwork, to get enough people to stand there the right size who are willing to, that takes a couple of hours.
>
> Is that a fair way, to wait a couple of hours? If you were an innocent man, wouldn't you want to go right back where that happened so they can see your clothes are different, your face is different *and you could say, I didn't do it or something?* (emphasis added).

■ Defendant asserts that this constituted an improper comment on the defendant's right to remain silent while in custody. It is well established that the state may not comment in argument to the jury on a defendant's post-arrest failure to volunteer an exculpatory statement. *State v. Leonard*, 606 S.W.2d 403, 407 (Mo. App. 1980); *State v. Roth*, 549 S.W.2d 652, 655 (Mo. App. 1977). The ultimate test though, of whether this right was violated is whether the challenged remarks were reasonably apt

to have directed the jury's attention to the fact that the defendant refused to speak on his own behalf. *State v. Leonard*, 606 S.W.2d at 408.

■ As defense counsel concedes, the prosecuting attorney's comments were couched only in hypothetical terms. The prosecutor did not state that the defendant was confronted by witnesses at the station and did not deny his complicity in the crime. In fact, there was no evidence during the trial of whether the defendant made or did not make any remarks when he was returned to the service station and identified by the witnesses. The prosecuting attorney did not dwell on this point and made no further references of any kind like it. In these circumstances, the prosecutor's comments did not direct the jury's attention to the defendant's silence nor highlight a failure to offer an exculpatory statement. The evidence of guilt in this case was overwhelming. We find no manifest injustice or a miscarriage of justice. Defendant's point is without merit.

Affirmed.

SNYDER and CRIST, JJ., concur.