STATE of Missouri, Respondent,

v.

James Howard WILLIAMS, Appellant.

No. 45368.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Mark G. Burns, Clayton, for appellant.

Hullverson, Hullverson & Frank, Inc., Stephen H. Ringkamp, St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted of an assault in the second degree. He was sentenced to ten years imprisonment as a persistent offender. We affirm.

Defendant and victim were neighbors. For no apparent reason, defendant shot the victim. At trial, the principle witness was the victim himself, who testified to the shooting.

Defendant claims the Court erred when it improperly refused to strike for cause two prospective jurors. Our standard of review was enunciated by the Missouri Supreme Court in *State v. Treadway*, 558 S.W.2d 646, 649 (Mo.banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978):

In determining the qualifications of a prospective juror, the trial court has very wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion ... All doubt should be resolved in favor of the finding of the trial court because he is in a better position to determine a challenge for cause than an appellate court.

■ Venirewoman Perkins knew the wife of one of the police officers scheduled to testify and was the wife of a police officer. Standing alone, friendship with a witness is insufficient to disqualify a venireperson. *State v. Dodson,* 551 S.W.2d 932, 934 (Mo.App.1977), *cert. denied,* 434 U.S. 1071, 98 S.Ct. 1255, 55 L.Ed.2d 774 (1978). In addition, friendship or relationship with a police officer alone is not enough to disqualify a venireperson. *Id.* Defendant argues that the cumulative effect of these factors was enough to disqualify Ms. Perkins citing *State v. Holliman,* 529 S.W.2d 932 (Mo.App.1975) and *State v. Petty,* 610 S.W.2d 126 (Mo.App.1980).

■ In *Holliman,* the victim was a police officer and the challenged venireperson knew the victim and was a friend of the victim's father. In addition, this venireperson had a son who was a police officer in the same district as the murder victim. Finally, the venireperson had discussed the case with his son. On appeal, the possible prejudicial effect of this accumulation of factors was deemed sufficient to strike the venireperson for cause. In contrast, the possible prejudicial effect of mere acquaintance with the wife of a police officer/witness, not the victim, and marriage to a police officer with no connection to the case, did not reach the proportions of *Holliman.*

Defendant asserts the facts in the case at bar are similar to those in *State v. Petty,* 610 S.W.2d 126 (Mo.App.1980). However, there are substantial differences. In *Petty,* there were *two* retired police officers on the panel. They knew each other. One of them was currently employed by the Police Department and was having daily contact with police officers. The other was employed as a security guard by a bank. Both knew a police officer endorsed as a state's witness. One had previously worked with this particular police officer.

In the instant case, Ms. Perkins was not a police officer nor was she influenced by the police officer/witness. Her association with police work, and the police officer/witness, did not reach the degree found in *Petty* or *Holliman.*

■ Defendant further contends Ms. Perkins should have been struck on the basis of her equivocal responses. Upon initial questioning, Ms. Perkins gave a "qualified" response regarding her ability to judge the testimony of a police officer by the same standard as that of a civilian witness. However, any equivocation was dispelled when she stated police officers did not "have any more credibility than I do." Defendant has failed to demonstrate venireperson's inability to be an impartial juror.

■ Defendant also challenges the trial court's refusal to strike Venireman Price for cause. Price was a retired, 15 year, police officer, new working as a security guard. He had numerous friends on the police force. Standing alone, former affiliation with law enforcement is not ground for challenge for cause. *State v. Petty,* 610 S.W.2d at 127.

Price indicated some equivocation regarding his ability to fairly judge the testimony of police officers. However, the court's questioning dispelled any trace of equivocation, as the following exchange demonstrates:

Q. .. After you've heard the testimony ... and there's a conflicting testimony between a civilian and a police officer, would you tend to give more credibility to the police officer because he is a police officer?

A. Conflicting, no, sir. I could judge them equally.

In light of his unequivocal statement of his ability to act impartially, Price's affiliation with law enforcement did not compel the trial court to strike him for cause.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.