**STATE of Missouri, Respondent,**

v.

**Lindell BLACK, Appellant.**

**No. 50531.**

Missouri Court of Appeals,
Eastern District,
Division Six.

May 20, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 1, 1986.

Susan Lynn Hogan, Columbia, for appellant.

Gary E. Stevenson, Farmington, for respondent.

CLEMENS, Senior Judge.

A jury found defendant ex-convict Lindell Black guilty of assaulting victim Ms. Donna Jarvis. The court sentenced him to one year in jail and a $100 fine.

For two or three months the couple had lived together in her rural home. She was regularly employed at a factory; he was unemployed; he appropriated her car and kept the keys. On November 5, 1983 because of defendant's repeated physical abuse Ms. Jarvis tried to move out of her home. Defendant intercepted her, got her into her car and began threatening her. Then the charged assault. Ms. Jarvis testified: Defendant "tried to break my neck", forced her to the car floor and with his fists beat her about the head, forced out her dentures, tried to choke her, stuck a lighted cigarette under each of her eyes and broke an eardrum. To avoid defendant Ms. Jarvis entered the county hospital and phoned the sheriff who took photos of Ms. Jarvis' face and head showing her reported injuries.

While the sheriff was interviewing Ms. Jarvis defendant came into her hospital room, uninvited. His appeal concerns the sheriff's trial testimony.

By defendant's point relied on he contends the court erred in admitting the sheriff's testimony to bolster the victim's credibility.

We have scanned the trial record and find it fails, as it must, to show that at trial defendant objected to the sheriff's testimony on the ground defendant now alleges.

In direct examination the sheriff testified: "She told me ... Lindell had taken a cigarette and burned her eyes." Defendant did not object. Nor did he object to the testimony of plaintiff's doctor who had examined her at the hospital and testified she had told him she had four cigarette burns around her eyes and that these occurred on November 5, the day of the alleged assault.

We dually conclude: Evidence clearly showed defendant's guilt of assault; and his claim of error was neither preserved for review nor warranted our review under the plain error rule. *State v. Williams*, 637 S.W.2d 839[2, 3] (Mo.App. 1982).

Affirmed.

PUDLOWSKI, P.J., and DOWD, J., concur.