**STATE of Missouri, Respondent,**

v.

**Anthony Joseph TURNER, Appellant.**

No. 51087.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Motion for Rehearing and/or
Transfer Denied Feb. 3, 1987.

Almond, Williams & Brady, Marsha Brady, Hillsboro, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of robbery in the first degree. He was sentenced to life imprisonment as a persistent and dangerous offender. We affirm.

Defendant was charged with robbery in the first degree and armed criminal action. He, and a companion, robbed the owners of Lincord Rexall Drug Store with the aid of what one owner described as an object appearing to be a real gun. The only thing the owners could see was what appeared to be a gun barrel sticking out with the rest of the gun covered by defendant's clasped hands. The jury acquitted defendant on the armed criminal action charge.

■ Defendant claims the conviction on the robbery count and the acquittal on the armed criminal action count was inherently inconsistent, and was the result of the jury's failure to be convinced of appellant's guilt beyond a reasonable doubt.

The robbery conviction required jury findings that the defendant (1) took property, (2) threatened the immediate use of physical force, and (3) displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument. In order to convict defendant of the additional armed criminal action charge, the jury had to find defendant *used* a deadly weapon. It chose not to do so, apparently believing defendant perpetrated the robbery by using what *appeared to be* a deadly weapon. There was no inconsistency in the verdicts since the jury did not believe beyond a reasonable doubt defendant had a real gun. In any event, defendant has no cause to complain about the jury failing to believe one element of the State's case.

■ Defendant finds fault with the trial court's refusal to grant a mistrial when one of the victim-owners referred to a photograph of defendant as a "mug shot." When coupled with a police detective's testimony the photograph was taken in 1983, defendant insists this effectively informed the jury defendant had been arrested in 1983. The victims were able to give a description from which a composite picture of defendant was created, able to pick out defendant from a photo lineup, able to pick out defendant from an in-person lineup at the police station, and able to identify the defendant at trial. One witness referred to the photographs as "mug shots."

As in *State v. Head,* 631 S.W.2d 700 (Mo.App.1982), the term was used by a witness, not by the prosecutor. The witness was instructed not to use the term again, and it was not repeated. The court offered to instruct the jury to disregard the remark of the witness. While the use of the term "mug shot" is not to be condoned, the granting of a mistrial is within the discretion of the trial court, and we cannot

say discretion was abused in this case. *Id.* at 701.

■ With reference to the date the photograph was taken, the evidence was proper to show identification of defendant. He had a mustache when the photograph was taken but did not at the time of the police lineup. We cannot say the dating of the photograph was done for an ulterior purpose. Nor, can we say the trial court abused its discretion by permitting this additional evidence relating to defendant's picture. *State v. Hemphill,* 699 S.W.2d 83, 85 [6] (Mo.App.1985).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.